969 So.2d 532 (2007)
Darrell C. TRAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2890.
District Court of Appeal of Florida, First District.
November 26, 2007.
James C. Banks, of the Law Firm of Banks & Morris, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General; and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
A jury found Darrell C. Travis (Appellant) guilty, as charged, of two counts of burglary of a conveyance, one count of possession of a burglary tool, one count of resisting an officer without violence, and two counts of criminal mischief causing damages of $200.00 or less. The trial court adjudicated him guilty and imposed guidelines sentences. Appellant raises two issues in this appeal. First, did the trial court comply with the requirements of the federal Sixth Amendment and Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and conduct an adequate inquiry, prior to the commencement of the guilt and penalty phases of the trial, to assure that Appellant's waiver of court-appointed counsel was knowing, voluntary, *533 and intelligent? Second, did the trial court abuse its discretion by failing to give jury instructions for Category One lesser-included offenses, where no such instructions were requested, and Appellant orally approved the jury instructions given? Having concluded that the trial court adequately apprised Appellant of his rights under Faretta prior to commencement of the trial, and that no fundamental error was shown in the failure to give the jury instructions at issue, we affirm Appellant's convictions. However, because the trial court failed to renew the Faretta inquiry before the sentencing, we reverse Appellant's sentences and remand for re-sentencing in accordance with the requirements of Faretta.
Although the judge who conducted the pretrial Faretta inquiry had assured Appellant that the offer of counsel would be renewed before the penalty phase, the judge who presided over the trial failed to inquire further or to renew the offer of counsel at the commencement of sentencing. Sentencing is a crucial stage of a criminal proceeding, so that the offer of assistance of counsel must be renewed then, even if the defendant has previously waived counsel at other stages. See Parker v. State, 539 So.2d 1168, 1169 (Fla. 1st DCA 1989) (holding that trial court's failure to renew offer of assistance of counsel at sentencing hearing compelled vacating of sentence and remanding for re-sentencing); see also Kepner v. State, 911 So.2d 1256, 1258 (Fla. 4th DCA 2005); Beard v. State, 751 So.2d 61, 62 (Fla. 2d DCA 1999); Hardy v. State, 655 So.2d 1245, 1247-48 (Fla. 5th DCA 1995).
Immediately after the dismissal of the jury, the court proceeded with the sentencing process. Even though the end of the guilt phase and the commencement of the penalty phase were not punctuated by a temporal break, sentencing is a separate critical stage, which has a separate function and consequence from the jury trial itself. Because the failure to renew the offer of counsel at the commencement of the sentencing hearing constitutes reversible error, Appellant is entitled to be re-sentenced after a proper Faretta inquiry. See Parker, 539 So.2d at 1169.
We AFFIRM the convictions, VACATE the sentences, and REMAND for re-sentencing after a proper renewal of the offer of counsel.
BARFIELD and BENTON, JJ., concur.