PER CURIAM.
Appellant, who represented himself at his violation of probation hearing, argues the trial court violated his right to counsel by failing to renew an offer of counsel before imposing sentence. See Traylor v. State, 596 So.2d 957, 968 (Fla.1992) (stating that a defendant has the right to assistance of counsel at each crucial stage of the proceedings); Lewis v. State, 31 So.3d 944, 945 (Fla. 1st DCA 2010) (holding that Florida Rule of Criminal Procedure 3.111(d)(5) requires trial court to renew offer of counsel at sentencing phase); Travis v. State, 969 So.2d 532, 533 (Fla. 1st DCA 2007) (“Sentencing is a crucial stage of a criminal proceeding, so that the offer of assistance of counsel must be renewed then, even if the defendant has previously waived counsel at other stages.”). The State properly concedes error. According *842 ly, we VACATE Appellant’s sentence and REMAND for resentencing.
PADOVANO, MARSTILLER, and ROWE, JJ., concur.