KHOUZAM, Judge.
Anthony Serrano appeals his convictions and sentences for trespass, battery, and criminal mischief. Because the trial court did not renew the offer of counsel at sentencing after Serrano represented himself at trial, we reverse and remand for resen-tencing. We affirm as to the remaining issues.
Prior to trial, Serrano requested to waive his right to counsel and represent himself. In response, the trial judge conducted a Faretta,[1] inquiry. At each and every subsequent pretrial hearing, and on the morning of trial, the court renewed the offer of counsel. Serrano persisted in requesting to proceed pro se, and eventually represented himself at trial. Despite the court’s repeated offers of counsel before trial, after the jury announced its verdict the trial judge immediately proceeded to sentencing, unfortunately without renewing the offer of counsel.
Once a defendant waives the right to counsel in a criminal case, the court must renew the offer of counsel at each subsequent critical stage of the proceedings, one of which is sentencing. See, e.g., Hays v. State, 63 So.3d 887, 888 (Fla. 5th DCA 2011); see also Fla. R.Crim. P. 3.111(d)(5) (“If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.”). Because the trial court did not do so here, we must vacate Serrano’s sentence and remand for resentenc-ing.
Judgment affirmed, sentence vacated, and case remanded for resentencing.
ALTENBERND and LaROSE, JJ., Concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).