SLEET, Judge.
Thomas Parker appeals his judgment and sentence for aggravated stalking. He raises two issues on appeal, the first of which we affirm without further comment. As for the second issue, Parker argues that the trial court committed reversible error by failing to conduct a Faretta[1] inquiry before sentencing him. Because the trial court failed to renew the offer of counsel before sentencing Parker, we vacate the sentence and remand for resen-tencing.
Nearly a month before trial, Parker opted to waive his right to counsel and elected to represent himself. At that time, the trial court conducted a Faretta inquiry and allowed Parker to represent himself throughout the trial. However, when the jury returned with the guilty verdict, the trial court proceeded immediately to sentencing without renewing the offer of counsel. In doing so, the trial court erred. “Once a defendant waives the right to counsel in a criminal case, the court must renew the offer of counsel at each subsequent critical stage of the proceedings, one of which is sentencing.” Serrano v. State, 113 So.3d 895, 896 (Fla. 2d DCA 2012); see also Ingraham v. State, 32 So.3d 761, 768-69 (Fla. 2d DCA 2010) (holding that sentencing is a critical stage of criminal proceedings and the offer of counsel must be renewed at each critical stage where the defendant appears without counsel). Accordingly, we affirm the judgment, vacate the sentence, and remand for resentenc-ing.
ALTENBERND and KHOUZAM, JJ. Concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).