NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| DARRELL PUGH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-5273 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed November 6, 2015.

Appeal from the Circuit Court for Pinellas
County; Frank Quesada, Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

Following a thorough <u>Farreta</u>[1] inquiry by the trial court, Darrell Pugh,

proceeding pro se, entered a plea agreement to a probationary sentence on seven

---

[1]<u>Faretta v. California</u>, 422 U.S. 806 (1975).

felony counts of unlawful acceptance of advance fees in violation of section 687.141, Florida Statutes (2009). On September 5, 2013, the Department of Corrections filed an amended affidavit of violation of probation, and the circuit court convened an evidentiary hearing. The court properly renewed an offer of counsel prior to Mr. Pugh's violation of probation hearing, which he refused, and the court found him in violation of probation.

The court later convened a sentencing hearing, in which Mr. Pugh continued to represent himself without the presence or assistance of standby counsel. However, the court did not reoffer counsel to Mr. Pugh prior to his sentencing hearing. As the State concedes, that was error.

Once charged, a criminal defendant is entitled to decide at each "crucial stage" of the proceedings whether he or she would prefer the assistance of counsel. Traylor v. State, 596 So. 2d 957, 968 (Fla. 1992) (holding that Florida's constitutional right to choose one's manner of representation "must apply at least at each crucial stage of the prosecution"); Parker v. State, 137 So. 3d 593, 594 (Fla. 2d DCA 2014) (noting that sentencing is a critical stage of a criminal proceeding that requires a renewed offer of counsel); Ingraham v. State, 32 So. 3d 761, 767 (Fla. 2d DCA 2010) (same). A trial court's failure, prior to a crucial stage of a criminal proceeding, to either conduct a Faretta hearing or reoffer counsel to a pro se defendant acting without standby counsel constitutes per se reversible error precluding any harmless error analysis. See Tennis v. State, 997 So. 2d 375, 379 (Fla. 2008) (citing State v. Young, 626 So. 2d 655, 657 (Fla. 1993)); Monte v. State, 51 So. 3d 1196, 1201 (Fla. 4th DCA 2011) (citing Knight v. State, 770 So. 2d 663, 670 (Fla. 2000)). Under the circumstances, as the State has conceded, we must reverse Mr. Pugh's sentence and

remand for the circuit court to hold a new violation of probation sentencing hearing, prior to which Mr. Pugh must be offered assistance of counsel.

Reversed and remanded with instructions.


CASANUEVA, LaROSE, and LUCAS, JJ., Concur.