NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHARESE BERGERON,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D15-3028
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed September 16, 2016.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.

BLACK, Judge.

⠀⠀⠀⠀⠀⠀Sharese Bergeron appeals the order revoking her probation and the

sentence subsequently imposed on her conviction for sale of cocaine. We affirm the

revocation but remand for the trial court to enter a corrected order of revocation of

probation accurately reflecting that Bergeron was found to have violated conditions 11 and 15 of her probation. We reverse Bergeron's sentence because the trial court erred by failing to renew the offer of assistance of counsel to Bergeron before sentencing her.

Immediately prior to the hearing on the violation of probation, Bergeron requested to represent herself. The court conducted a Faretta[1] inquiry, found Bergeron's waiver of counsel to be knowingly and voluntarily made, and allowed Bergeron to represent herself with counsel on standby. After finding Bergeron in violation of her probation, the court immediately proceeded to sentence her without offering Bergeron the assistance of counsel. This was error. See Parker v. State, 137 So. 3d 593, 594 (Fla. 2d DCA 2014); Serrano v. State, 113 So. 3d 895, 896 (Fla. 2d DCA 2012); see also Fla. R. Crim. P. 3.111(d)(5). As a result, we reverse Bergeron's sentence and remand for resentencing.

Affirmed in part, reversed in part, and remanded with instructions.

MORRIS and SLEET, JJ., Concur.

---

[1]Faretta v. California, 422 U.S. 806 (1975).