NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TIMOTHY EUGENE ALEXANDER, JR., )
)
          Appellant, )
)
v. )       Case No. 2D16-1437
)
STATE OF FLORIDA, )
)
          Appellee. )
_____)

Opinion filed August 4, 2017.

Appeal from the Circuit Court for Hendry
County; James D. Sloan, Judge.

James A. Ermacora, Fort Myers, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa,
for Appellee.


CASANUEVA, Judge.

        Timothy Eugene Alexander, Jr., appeals the judgment and sentences

rendered after a jury found him guilty of resisting an officer with violence and criminal

mischief.  Mr. Alexander represented himself at trial and at the subsequent sentencing

hearing.  Because the trial court failed to renew the offer of assistance of counsel before

sentencing Mr. Alexander, we vacate the sentences and remand for resentencing. As to the remaining issues raised by Mr. Alexander, we find no reversible error and affirm.

The charges stem from an incident that occurred while Mr. Alexander was in custody in the Hendry County jail. Mr. Alexander was examined by EMS personnel after complaining of chest pains, and it was determined that Mr. Alexander did not need to be transported to the hospital. Mr. Alexander was told to return to his cell but he refused, insisting that he needed to go to the hospital. Correctional officers attempted to escort him to his cell, but he did not cooperate. The situation escalated when Mr. Alexander struggled against the officers' efforts to carry him to his cell, resulting in charges of resisting an officer with violence and criminal mischief.

Mr. Alexander elected to represent himself at trial following a Faretta[1] inquiry. At the conclusion of the trial but prior to sentencing, Mr. Alexander stated that he no longer wished to represent himself. The trial judge instructed the clerk to prepare an order "appointing counsel for Mr. Alexander. He has apparently now indicated that he would like to have counsel on the remainder of his cases." Mr. Alexander had multiple cases pending at the time. It appears that the trial court may have understood Mr. Alexander's comment to apply only to his other cases, though the statement was not limited or qualified. A sentencing hearing took place on March 4, 2016. Mr. Alexander was not represented at that hearing,[2] nor was he offered the assistance of counsel.

---

[1]Faretta v. California, 422 U.S. 806 (1975).

[2]While the State contends on appeal that Mr. Alexander may have had standby counsel, the only reference to standby counsel was in the context of an unrelated case for which Mr. Alexander had yet to go to trial. There is no other reference to standby counsel in the transcript or disposition form, both of which reflect that Mr. Alexander appeared pro se.

Once a defendant chooses to represent himself, the trial court must conduct a colloquy to ensure that the defendant is making a knowing and voluntary waiver of counsel. Aguirre-Jarquin v. State, 9 So. 3d 593, 602 (Fla. 2009). If a waiver of counsel is accepted at any stage of the proceedings, the offer of assistance of counsel must be renewed by the court at each subsequent critical stage of the proceedings, and it is well settled that sentencing is a critical stage. Beard v. State, 751 So. 2d 61, 62 (Fla. 2d DCA 1999) ("Sentencing is a critical stage of a criminal proceeding, and a trial court must renew the offer of counsel even if the defendant has previously waived counsel."); see also Ingraham v. State, 32 So. 3d 761, 768-69 (Fla. 2d DCA 2010). "Failure to renew the offer of counsel at a critical stage and conduct a Faretta inquiry if the defendant rejects the renewed offer is *per se* reversible error." Brooks v. State, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015) (quoting Howard v. State, 147 So. 3d 1040, 1043 (Fla. 1st DCA 2014)).

A sentencing hearing was held on March 4, 2016, and Mr. Alexander again appeared pro se. The trial court was required to renew the offer of counsel prior to proceeding with sentencing, and the trial court's failure to do so amounts to per se error requiring resentencing.

Judgment affirmed; sentences vacated; case remanded.


CRENSHAW and SALARIO, JJ., Concur.

- 3 -