NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STEVEN ELLIOTT MURRAY,    )
    )
      Appellant,    )
    )
v.    )    Case No. 2D17-4225
    )
STATE OF FLORIDA,    )
    )
      Appellee.    )
    )

Opinion filed March 1, 2019.

Appeal from the Circuit Court for Pasco
County; Kim Campbell, Judge.

Howard L. Dimmig, II, Public Defender,
and Julius J. Aulisio, Assistant Public
Defender, Bartow, for Appellant.

Steven Elliott Murray, pro so.

Ashley Moody, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

      Steven Murray pleaded guilty to the sale, manufacture, or delivery of

cocaine within 1000 feet of a convenience business (count 1); child abuse (count 2);

possession of cocaine (count 3); and felony driving while license suspended or revoked (count 4). He was sentenced to concurrent prison terms of fifteen years on count 1, five years as a prison releasee reoffender on count 2, and five years on counts 3 and 4. Murray challenges the denial of his motion to withdraw plea prior to sentencing and his sentences insofar as the trial court failed to offer Murray the assistance of counsel prior to sentencing.[1] We affirm Murray's convictions without comment. However, we reverse his sentences and remand for further proceedings.

Immediately prior to the hearing on Murray's motion to withdraw plea, Murray sought to discharge counsel and represent himself. Following a Faretta[2] inquiry, the court permitted Murray to represent himself and appointed standby counsel. After taking evidence, the court denied the motion to withdraw plea and took a brief recess. Murray's sentencing began upon the court reconvening. Murray was not offered the assistance of counsel prior to sentencing.

The withdrawal of a plea "is a critical stage of the proceedings during which the defendant is entitled to counsel." Sanders v. State, 210 So. 3d 98, 100 (Fla. 2d DCA 2016). And it is well settled that sentencing is also a critical stage of the proceedings. Alexander v. State, 224 So. 3d 804, 806 (Fla. 2d DCA 2017) (citing Beard v. State, 751 So. 2d 61, 62 (Fla. 2d DCA 1999), for the statement that "[s]entencing is a critical stage of a criminal proceeding, and a trial court must renew the offer of counsel even if the defendant has previously waived counsel"). "While a defendant may waive

---

[1]Murray's appellate counsel filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), and In re Appellate Court Response to Anders Briefs, 581 So. 2d 149 (Fla. 1991). This court subsequently ordered merits briefing.

[2]Faretta v. California, 422 U.S. 806 (1975).

his right to counsel at any stage of the proceedings, the waiver is only valid at that stage and the court must renew the offer of counsel at each crucial stage as long as the defendant is unrepresented." Hyden v. State, 117 So. 3d 1, 4 (Fla. 2d DCA 2011) (citing Traylor v. State, 596 So. 2d 957, 968 (Fla. 1992)); see also Alexander, 224 So. 3d at 806 ("If a waiver of counsel is accepted at any stage of the proceedings, the offer of assistance of counsel must be renewed by the court at each subsequent critical stage of the proceedings . . . ."). Even where no intervening event occurs, the court must renew the offer of counsel prior to each critical stage of the proceedings. See Bergeron v. State, 210 So. 3d 129, 129-30 (Fla. 2d DCA 2016); Parker v. State, 137 So. 3d 593, 594 (Fla. 2d DCA 2014); Serrano v. State, 113 So. 3d 895, 896 (Fla. 2d DCA 2012). The failure to do so is per se reversible error. Pugh v. State, 181 So. 3d 529, 530 (Fla. 2d DCA 2015); see also Alexander, 224 So. 3d at 806 ("Failure to renew the offer of counsel at a critical stage and conduct a Faretta inquiry if the defendant rejects the renewed offer is per se reversible error." (quoting Brooks v. State, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015))).

Accordingly, although we affirm Murray's convictions, we reverse his sentences and remand for further proceedings.

Affirmed in part; reversed in part; remanded.


NORTHCUTT and MORRIS, JJ., Concur.