NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DOYLE LYNN SAMMONS,               )
                                  )
          Appellant,              )
                                  )
v.                                )          Case No. 2D17-1953
                                  )
STATE OF FLORIDA,                 )
                                  )
          Appellee.               )
                                  )
_____   )

Opinion filed March 1, 2019.

Appeal from the Circuit Court for Glades
County; Jack Lundy, Acting Circuit Judge.

Howard L. Dimmig, II, Public Defender,
and Stephania A. Gournaris, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Helene S. Parnes,
Senior Assistant Attorney General,
Tampa, for Appellee.


CASANUEVA, Judge.

          Doyle Lynn Sammons appeals the judgment and sentences rendered after

a jury found him guilty on two counts of possession of a controlled substance, one count

of possession of paraphernalia, and one count of driving with a suspended license.  Mr.

Sammons, who represented himself below, argues that the trial court erred in failing to

renew the offer of counsel prior to proceeding with the sentencing hearing.  We agree

and thus vacate the sentences and remand for resentencing. As to his double jeopardy and jury instruction arguments, we find no reversible error and affirm without discussion.

Mr. Sammons waived his right to counsel and represented himself at trial. The sentencing hearing commenced immediately following the trial. Though Mr. Sammons continued to represent himself, the trial court did not renew the offer of assistance of counsel before proceeding with sentencing. Mr. Sammons was sentenced to forty-two months in prison on the drug possession charges, to run concurrently, and to time served on the remaining counts.

If a defendant's waiver of counsel is accepted at any stage of the proceedings, the trial court must renew the offer of assistance of counsel at each subsequent critical stage of the proceedings. Ingraham v. State, 32 So. 3d 761, 768 (Fla. 2d DCA 2010); see also Fla. R. Crim. P. 3.111(d)(5) ("If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel."). Sentencing is a critical stage of the proceedings, and a trial court must renew the offer of counsel at the sentencing stage even if the defendant has previously waived counsel at other stages. Alexander v. State, 224 So. 3d 804, 806 (Fla. 2d DCA 2017); Beard v. State, 751 So. 2d 61, 62 (Fla. 2d DCA 1999); Travis v. State, 969 So. 2d 532, 533 (Fla. 1st DCA 2007). Thus, the trial court's failure to renew the offer of assistance of counsel prior to proceeding with sentencing in this case was error.

The State argues, however, that the failure to renew the offer of counsel should be considered harmless error in this case because sentencing immediately

followed the trial and because standby counsel was appointed throughout the proceedings. We cannot agree.

The renewal of the offer of counsel prior to sentencing is required even when the end of the guilt phase and the commencement of the penalty phase are not separated by a temporal break. See Travis, 969 So. 2d at 533 (concluding reversible error occurred where the trial court failed to renew the offer of counsel prior to sentencing even though sentencing proceeded immediately after the dismissal of the jury). This is because "sentencing is a separate critical stage, which has a separate function and consequence from the jury trial itself." Id. Accordingly, the absence of a temporal break between the trial and sentencing does not render the error harmless.

Nor is the error rendered harmless by the mere presence of standby counsel. Though standby counsel was appointed and present throughout the proceedings in this case, there is no indication that Mr. Sammons consulted with or relied upon standby counsel in any significant way during the trial or at sentencing. Cf. Mincey v. State, 684 So. 2d 236, 238 (Fla. 1st DCA 1996) (finding failure to renew right to counsel harmless where appellant requested and "relied on standby counsel extensively, before, during and after the trial"). And standby counsel was silent throughout sentencing, other than requesting the public defender's fee and costs. Cf. Harrell v. State, 486 So. 2d 7, 7 (Fla. 3d DCA 1986) (finding no reversible error where "Harrell did confer frequently with standby counsel, and standby counsel participated in the defense at trial"). If anything, Mr. Sammons resisted the appointment of standby counsel. The trial court noted this reluctance when it awarded only a portion of the fee requested by the public defender, stating: "As to the defense fee, I kind of feel like we

- 3 -

kind of pushed standby counsel on Mr. Sammons . . . ."  For these reasons, we cannot say that standby counsel's presence in this case mitigated the failure to renew the offer of counsel prior to sentencing.

In sum, the trial court erred in failing to renew the offer of counsel prior to the sentencing hearing, and the error was not harmless.  We therefore affirm the judgment but vacate the sentences and remand for resentencing.

Judgment affirmed; sentences vacated; case remanded.


BADALAMENTI and ROTHSTEIN-YOUAKIM, JJ., Concur.