168 So.2d 325 (1964)
Louis B. HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. F-250.
District Court of Appeal of Florida. First District.
October 20, 1964.
Rehearing Denied November 20, 1964.
Louis B. Harper, in pro. per.
James W. Kynes, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Defendant Louis B. Harper has appealed an order of the trial court denying his motion *326 for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
In 1950 Harper entered a plea of not guilty to an information charging him with armed robbery. He was represented by two attorneys at his trial, found guilty and sentenced to 30 years in the state penitentiary. A motion for a new trial filed by defendant's two attorneys was denied. Defendant did not appeal.
In 1963 defendant filed a motion to vacate his sentence alleging that he was deprived of an opportunity to appeal and thus denied equal protection of law by the trial court's refusal to furnish an official court reporter to take down testimony of the trial after being advised that defendant was financially unable to employ same. The trial judge denied defendant's motion to vacate and defendant appealed.
In his motion defendant substantially alleged:
1. He was an indigent at the time of his trial and that fact was made known to the trial judge, who denied his request for a court reporter.
2. At the time of his trial it was not the custom to report all cases as it is today and cases were only reported if the defendant could pay for same.
3. Reversible error occurred at his trial due to certain prejudicial remarks made by the prosecuting attorney to the jury.
4. In June, 1950, following the April 26, 1950 sentencing, defendant by letter requested reduction of his sentence on the grounds that he was innocent and unable to employ counsel for an appeal.
The two primary questions on appeal are:
1. May one who did not appeal his conviction urge the failure of the trial court to have a court reporter present as the basis of a motion under Criminal Procedure Rule No. 1 when defendant requested same?
2. Did the trial court err in denying defendant a hearing on his motion to vacate?
The first question has been settled by Lee v. State[1] which based its decision upon two federal cases, Smith v. United States[2] and Bowen v. United States.[3] These three cases stand for the proposition that a collateral attack under Rule 1 proceedings may not be used to retry issues or correct errors reviewable only upon direct appeal from the conviction.
The United States Supreme Court cases,[4] upon which the defendant relies, hold that an indigent defendant when appealing from a judgment of conviction must always have available to him a record of sufficient completeness as may be necessary for adequate consideration of errors assigned. Such record may be a reporter's transcript, or an alternative method of reporting trial proceedings is sufficient if such method places before the appellate court an equivalent report of the events of the trial from which the appellant's contentions arise.
Since the appellant here did not appeal, he may not on collateral attack claim that he was denied his constitutional rights by the state not making available to him without cost those tools to which he may have been entitled had he appealed his conviction. Relief under Criminal Procedure Rule No. 1 is available only when the judgment was rendered without jurisdiction, when the sentence imposed was not authorized by law or was otherwise open to collateral attack or when there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.
*327 Defendant's second point is without merit. Assuming the truth of all allegations, the motion to vacate does not state grounds for relief in a collateral attack. Therefore, no hearing was required.
Affirmed.
STURGIS, C.J., and WIGGINTON and RAWLS, JJ., concur.
NOTES
[1] Lee v. State, 165 So.2d 443 (Fla.App. 2d, 1964).
[2] Smith v. United States, 252 F.2d 369 (5th Cir.1958).
[3] Bowen v. United States, 260 F.2d 266 (5th Cir.1958).
[4] Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963) and Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed. 331 (1964).