JOHNSON, Judge.
Appellant, upon and with advice of counsel, the public defender, entered a plea of guilty to a charge of grand larceny, in the circuit court of Jackson County, Florida, and was sentenced to two years imprisonment. Fourteen months after his conviction upon his guilty plea, the appellant filed his motion to vacate judgment and sentence pursuant to Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The appellant also filed his petition to proceed forma pauperis pro se, alleging his insolvency, but not requesting counsel to assist him. The trial court denied the motion to vacate. Notice of appeal was filed. The trial court entered a further order adjudging the defendant insolvent and directing the Clerk of the Circuit Court to prepare the necessary appeal papers for the defendant, which was complied with by the Clerk and the record-on-appeal filed in this court on January 28, 1966. The appellant filed his brief on February 12, 1966. Appellee,. State, filed its brief on March 4, 1966. March 22, 1966, appellant filed petition tO' have legal counsel appointed to pursue his. appeal, alleging that he had been adjudged insolvent.
Treating the petition for appointment of counsel first, we think it sufficient to state that the law is well settled in this jurisdiction that this court is not legally obligated to furnish legal counsel to an indigent to represent him in a collateral proceeding of this nature. Further, a study of the record on appeal and the briefs of the respective parties reveals the fact that the furnishing of counsel would be of no benefit to appellant in this cause, therefore, the *655 petition for appointment of counsel is denied. Suffice it to say, the assignments of error alleged by the appellant are without merit and no good cause can be served by further expounding on the law applicable thereto.
Affirmed.
WIGGINT.ON, Acting C. J., and STUR-GIS, J., concur.