201 So.2d 65 (1967)
Louis B. HARPER, Petitioner,
v.
STATE of Florida, Respondent.
No. 35454.
Supreme Court of Florida.
July 10, 1967.
Louis B. Harper, pro se.
Earl Faircloth, Atty. Gen., and Thomas E. Boyle, Asst. Atty. Gen., for respondent.
PER CURIAM.
Harper seeks release from the State Prison by a petition for habeas corpus and the State has filed a return pursuant to the writ which we issued.
On April 26, 1950, Harper was convicted of armed robbery and sentenced to 30 years by the Marion County Circuit Court. His two privately retained attorneys filed a timely motion for a new trial, but this motion was never acted upon by the trial judge. Harper alleges, however, that he was told soon after the trial that his motion had been denied. He also alleges that, upon his arrival at the State Prison, he mailed a letter to the trial judge requesting that counsel be appointed so that he could appeal his conviction. Harper claims that his letter stated he was indigent, and that his parents could not afford to employ an attorney for appeal as they had for trial. He received no reply from this letter.
In 1963, Harper filed a motion to vacate his sentence under Rule One, F.S.A. ch. 924 Appendix. The crux of this motion was that he had been denied the right to appeal and the right to a record of the proceedings. He claims that prior to his original trial, he requested that a record be kept. The Rule I motion was denied without a hearing and the District Court of Appeal affirmed. Harper v. State, 168 So.2d 325 (Fla.App.).
*66 Harper then filed a petition for habeas corpus in this Court, 184 So.2d 881. The petition was denied in an opinion which stated: "Denial shall be without prejudice to the right of the petitioner to apply to the trial court under Criminal Procedure Rule #1, F.S.A. ch. 924 Appendix, for a hearing on (1) his claim that his motion for a new trial following his initial conviction was never acted upon by the trial judge, and (2) his further claim that, though indigent, he was denied the assistance of counsel to appeal his original conviction. Upon the filing of any such motion by the petitioner the trial judge is authorized to appoint counsel to assist the petitioner in the presentation, hearing and disposition of his motion."
The trial judge apparently did not consider the reference to appointment of counsel to be mandatory, however, because no attorney was appointed to assist Harper at the hearing. The question we must decide is whether the judge abused his discretion by refusing to appoint counsel to assist Harper at this Rule I hearing which tangentially included a request for appropriate disposition of the theretofore undisposed of motion for a new trial.
At the outset of the hearing, the two attorneys for the state conceded that Harper's motion for a new trial had never been acted upon, and was still pending. Harper, without the aid of counsel, was then allowed to argue his motion for a new trial, pro se. After hearing these arguments, the judge stated that, without a transcript, he had no way to determine whether the allegations were true. See Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899; but cf. Norvell v. Illinois, 375 U.S. 870, 84 S.Ct. 27, 11 L.Ed.2d 99. He continued by saying that even if the assertions were true, they would not justify a new trial. The motion for a new trial was then denied at the Rule I hearing.
Next, Harper attempted to argue that he had been denied his right to a record of the original proceedings. No specific ruling was made on this argument, other than a statement by the judge that this question had been decided by the District Court of Appeal. Actually, of course, the District Court's opinion in Harper v. State, supra, was not controlling because it was based upon the erroneous assumption that Harper's motion for a new trial had been denied. As above stated, the motion for a new trial had never been acted upon prior to the appeal to the District Court. The District Court held that an indigent in a Rule One proceeding does not have a right to a transcript of the original trial, but the Court specifically recognized that the rule might be different if the indigent were appealing from a judgment of conviction. Harper v. State, supra, 168 So.2d at 326. This, in effect, is what Harper was trying to do at the hearing now under review. His motion for a new trial had just been denied, and he was attempting a somewhat delayed, but still timely, appeal from his original conviction. See Shelby v. State, 155 Fla. 182, 20 So.2d 500, 21 So.2d 787.
In making this attempt, Harper requested that counsel be appointed to represent him on direct appeal. The trial judge denied this request, stating that under Florida law an indigent defendant has no right to appointed counsel for direct appeal. In so ruling, the judge apparently relied upon Jefferson v. State, 184 So.2d 654 (Fla.App.), a case cited by the State Attorney. But the Jefferson case was inapplicable. It merely held that an indigent is not entitled to appointed counsel when appealing from a collateral proceeding such as Rule One. The reliance on Jefferson, therefore, was misplaced. It is settled in Florida that an indigent defendant does have the right to appointed counsel for his first direct appeal from a judgment of conviction. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 *67 L.Ed.2d 811; Donald v. State, 154 So.2d 357 (Fla.App.).
In State v. Weeks, 166 So.2d 892 (Fla.), we held that an indigent has no absolute right to appointed counsel at a Rule One hearing, but that the question in each case is "whether under the circumstances the assistance of counsel is essential to accomplish a fair and thorough presentation of the prisoner's claims." Id. at 897. We continued by stating that "the proper course would be to resolve doubts in favor of the indigent prisoner when a question of the need for counsel is presented." Ibid. In Harper's case, Fifth Amendment due process required that counsel be appointed to represent him at the Rule One hearing. His claims involved many delicate and technical constitutional questions. See Edge v. Wainwright, 347 F.2d 190 (5th Cir.). These were not claims that could be adequately presented by a layman. Actually, the state so concedes in its brief.
Harper's Rule One hearing involved more than a collateral attack. It was actually a delayed hearing on his motion for a new trial, a step in the original criminal prosecution. The defendant's motion for a new trial represents a valuable right, Massey v. State, 50 Fla. 109, 39 So. 790, and a hearing on this motion is a critical stage of the proceedings, at which an indigent defendant has the right to appointed counsel. This is a right within the prescriptions of the Sixth Amendment to the United States Constitution.
It becomes apparent, therefore, that the trial judge erred in not appointing counsel to assist Harper at the hearing on his motion to vacate under Rule One. The order entered at that hearing, including the denial of the motion for a new trial, as well as Rule One relief, is hereby set aside with directions that a new hearing be held. The trial court is instructed to appoint counsel to assist Harper in the presentation of his claims at this hearing.
It is so ordered.
O'CONNELL, C.J., and DREW, THORNAL and ERVIN, JJ., concur.
THOMAS, ROBERTS and CALDWELL, JJ., dissent.