JOHNSON, Judge.
This is an appeal by the State of Florida from an order of the Circuit Court of Marion County, granting the appellee’s motion to quash the information in said cause.
The appellee, together with a codefend-ant, was charged in a two count information, filed in March 1950, by the State Attorney, with armed robbery. At the trial on said information, both defendants were represented by privately retained counsel, with the appellee herein actually having two attorneys representing him. The other defendant in said prosecution, withdrew his plea of not guilty and entered his plea of guilty. The appellee herein was tried and found guilty by a jury, and sentenced to thirty years.
Prior to trial, counsel for the defendant Harper, appellee herein, filed a motion with the court to appoint one or more “disinterested qualified experts to examine the defendant, Louis B. Harper * * * ”, alleging in substance that said Harper was mentally deficient or incompetent and legally insane. This motion was granted and two doctors were appointed for such purpose. The record of the proceedings had in 1950 is silent as to the report of the two doctors, except as contained in a motion to set aside the verdict and judgment, filed by the attorneys for defendant within a few days after judgment and sentencing of said defendant. The record does not reveal that any action was ever taken on this motion, nor was it ever presented to *470 the court for action by the defendant’s counsel, who filed the same.
This cause has heretofore been before this court in an appeal from an adverse order in a Rule 1 proceedings, F.S.A. ch. 924 Appendix. It has been before the Supreme Court of this state, Harper v. State, 201 So.2d 65 (1967) on habeas corpus, wherein the Supreme Court in a 4-3 decision said that Harper’s Rule 1 hearing involved more than a collateral attack. “It was actually a delayed hearing on his motion for a new trial, a step in the original criminal prosecution.” The court said further that the hearing on this motion was a critical stage of the proceedings, at which an indigent defendant had a right to appointed counsel.
From all we can ascertain, all the Supreme Court had to go on as to whether there had been a hearing on the defendant’s motion for a new trial in 1950 or not was the defendant’s own statement in 1963 that there was none, coupled with the fact that the record failed to reveal an order thereon. The author of this opinion was personally acquainted with and practiced before the trial court trying this defendant and personally knew and practiced against the State Attorney prosecuting said defendant, and knew that both were very meticulous in the handling of criminal cases and inasmuch as the defendant had privately retained counsel at that time, it is a fair assumption that the motion for a new trial was acted upon or abandoned without a written record being made. Nevertheless the Supreme Court has directed that a new trial be granted and the same has been done by the Circuit Court of Marion County, and the Public Defender’s Office appointed to represent said defendant. The Public Defender’s Office filed a motion to quash the information upon the primary grounds that because of the long delay in action by the State on the defendant’s motion for a new trial, that now that it is granted, the defendant cannot get a fair trial because his privately employed psychiatrists who examined the defendant in 1950 and who would testify that he was insane at the time the crime was committed, are now dead, and that the long delay in bringing the defendant to trial deprives him of due process of law, and that he could not prepare a proper defense for trial.
A motion to quash an information does not reach matters dehors the record, but is limited to defects apparent on the face of the information. In the case sub judice there are many factual questions which cannot be properly raised by nor answered in an order on a motion to quash. The defendant has obtained just what he asked for, namely: a new trial and the fact that although he has the new trial, he will have difficulty in preparing his defense, is not a sufficient ground upon which to sustain a motion to quash an information, regular on its face. The State will have a difficult time prosecuting as well as the defendant defending. We do not want to lose sight of the fact that when a defendant has private counsel, as this defendant did in 1950, the State is not under any obligation to tell the defense counsel how to run his case. If the defense counsel had had any faith in the merits of his motion for new trial, he probably would have presented it. The State has been no more at fault in the delay as to the new trial than the defendant has. He, the defendant, had not qualified as an indigent in 1950, but had privately retained counsel so that these late Federal court decisions throwing up safeguards around an indigent defendant are not necessarily applicable to the present defendant and his status as a defendant in 1950.
One facet of the facts in this case which intrigues us is the lack of emphasis on the present sanity of the appellee and for how long has he been of such legally sound mind that he could have raised the questions he is raising in these proceedings now. In other words, we do not feel that a guilty person, if he is guilty, should be heard to accuse the State, and particu *471 larly the deceased honorable respected Judge and State Attorney, of dereliction of any kind, as a defense to his prosecution for his alleged crime, when the fault, if any, lay in the fault of his own selected attorneys. We do not feel that any constitutional rights of the appellee have been violated nor can the same be asserted as a defense to this prosecution.
For the reasons stated, the order quashing the information is reversed and the court directed to proceed with the new trial consistent with this opinion and without unreasonable further delay.
WIGGINTON, C. J. and SPECTOR, J., concur.