THOMAS, J.
 

 Appellant seeks review of his convictions and sentences for two counts of sale of cocaine within 1000 feet of a church while armed. Appellant argues that the two counts should not have been joined for trial, and raises several issues with regard to post-trial procedure. We affirm the trial court’s refusal to sever the counts. As the State concedes, however, Appellant was deprived of his constitutional right to counsel during certain critical stages of his criminal prosecution; therefore, we reverse and remand his convictions and sentences for the trial court to appoint counsel.
 

 On August 2, 2006, Appellant was charged by way of a second amended information with sale of cocaine, or possession with intent to sell, within 1000 feet of a church (count I); sale of cocaine, or possession with intent to sell, within 1000 feet of a church while armed (count II); possession of a firearm by a convicted felon (count III); possession of cocaine while armed (count IV); and possession of a firearm by a convicted felon (count V). All counts were initially severed, but counts I — III were later joined. At the conclusion of Appellant’s jury trial, he was found guilty as charged as to count I, and found guilty as to count II, including a specific finding that he did not carry, display, use, threaten, or attempt to use a firearm. The State entered a nolle prose-qui as to count III.
 

 Appellant then filed a pro se “Motion to Substitute or Replace Counsel,” and requested a hearing pursuant to
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973). After discussing the motion with the trial court, Appellant determined that he should retain his attorney through sentencing. The trial court informed Appellant that it was treating his motion to substitute counsel as withdrawn, to which Appellant agreed. The trial court then directed Appellant’s counsel to assist Appellant in making whatever arguments Appellant felt were necessary in his motion for new trial. Appellant’s counsel advised the court that Appellant wanted to argue ineffective assistance of counsel, but counsel felt that he could not, in good faith, make such arguments. The trial court instructed counsel to incorporate all of Appellant’s arguments in the motion for new trial, stating that it would be clear that the arguments were Appellant’s position.
 

 Appellant later filed his pro se “Amended Motion for New Trial or Arrest of Judgment,” alleging that his trial counsel was ineffective. Counsel filed a motion to withdraw, certifying an irreconcilable conflict of interest between himself and Appellant, and informed the court that he could not argue that he was competent and effective as well as advocate for Appellant to receive a new trial based on his alleged ineffectiveness. The trial court initially refused to allow defense counsel to withdraw, stating that counsel could remain on the case to answer questions that arose. It then conducted a hearing on Appellant’s motion for new trial. After discussing Appellant’s claims with regard to his counsel, the court appears to have treated the claims as filed in a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, granted counsel’s motion to withdraw, and proceeded to an evidentiary hearing on the alleged rule 3.850 motion. The trial court did not appoint counsel to represent Appellant.
 

 
 *453
 
 We agree with the State that Appellant waived his right to a
 
 Nelson
 
 hearing by allowing the withdrawal of his motion for substitute counsel.
 
 See Carratelli v. State,
 
 832 So.2d 850, 856 (Fla. 4th DCA 2002) (stating that failure to obtain a ruling in the trial court similarly fails to preserve the issue for appellate review). However, notwithstanding Appellant’s waiver, the trial court erred by allowing Appellant’s counsel to withdraw and proceeding to an evidentiary hearing on Appellant’s motion for new trial without appointment of counsel. A defendant is entitled to conflict-free counsel at every critical stage in the proceeding.
 
 Jones v. State,
 
 827 So.2d 1086, 1087 (Fla. 1st DCA 2002). The hearing on Appellant’s motion for new trial was a “critical stage” in his criminal proceeding wherein he was entitled to counsel.
 
 See Harper v. State,
 
 201 So.2d 65, 67 (Fla.1967);
 
 see also Gideon v. Wainwright,
 
 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
 

 Additionally, the trial court erred in treating the motion as filed pursuant to Florida Rule of Criminal Procedure 3.850. A rule 3.850 motion must be filed within two years after judgment and sentence become final under Florida Rule of Criminal Procedure 3.850(b), absent allegations not relevant here. The two-year time period begins to run when appellate proceedings have concluded and the court issues a mandate, or 30 days after the trial court enters its order, whichever is later.
 
 See Jones v. State,
 
 602 So.2d 606, 607-08 (Fla. 1st DCA 1992);
 
 Gust v. State,
 
 535 So.2d 642 (Fla. 1st DCA 1988). Appellant’s sentence had not become final and the time period in which he was entitled to file a motion for postconviction relief had not begun at the time he filed his motion for a new trial; thus, the trial court improperly treated the motion as a rule 3.850 motion. Further, claims of ineffective assistance of counsel are properly raised in a motion for a new trial.
 
 See Skrandel v. State,
 
 830 So.2d 109 (Fla. 4th DCA 2002).
 

 Finally, the trial court erred by sentencing Appellant, which is another critical stage in the proceeding, without appointing him counsel.
 
 Jones,
 
 827 So.2d at 1087;
 
 Bell v. State,
 
 642 So.2d 1113 (Fla. 1st DCA 1994).
 

 Accordingly, we vacate the order denying Appellant’s motion for new trial, reverse Appellant’s convictions and sentences, and remand the cause to the trial court for the appointment of conflict-free counsel. Upon remand, appointed counsel may file a motion for new trial, if warranted.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 WEBSTER and VAN NORTWICK, JJ., concur.