ON MOTION FOR CLARIFICATION
CLARK, J.
We grant Appellant’s Motion for Clarification, withdraw our previous opinion filed on February 21, 2014, and substitute the following in its place.
This is an Anders[1] appeal from Appellant’s conviction and habitual felony offender (“HFO”) sentence after the entry of Appellant’s mid-trial nolo contendere plea. The public defender submitted an Anders brief and Appellant was afforded the opportunity to file a pro se brief but did not do so. This Court’s “full and independent review,” as described in In re Anders Briefs, 581 So.2d 149, 151 (Fla.1991), revealed no arguable issue for appeal and the judgment and sentence are affirmed.
While this Court’s independent review of the record and applicable legal authority requires affirmance of the conviction and sentence, we are compelled to write to address the duties of appointed appellate counsel under Anders and its progeny to provide constitutionally adequate representation to indigent appellants.
In his Anders brief, counsel asserted that his case was “wholly frivolous” because this Court lacked jurisdiction to consider the appeal. Counsel argued that this Court’s jurisdiction: 1) was never invoked due to Appellant’s failure to file a notice of appeal after the rendition of the judgment and sentence; and 2) could not be invoked due to the procedural bar of an appeal resulting from Appellant’s nolo con-tendere plea and rule 9.140(b)(2)(A), Florida Rules of Appellate Procedure. Not only are these arguments unavailing, but the brief fails to apply any other legal requirements to the facts and proceedings which ultimately resulted in the plea, judgment, and sentence.
In Anders, the Court described the process if counsel believes the appeal is “wholly frivolous” thusly:
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of ami-cus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. ... Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. ... [T]he court — not counsel — then proceeds, after a full examination of all the *886 proceedings, to decide whether the case is wholly frivolous.
Anders v. California, 386 U.S. at 744, 87 S.Ct. 1396. In this case, Appellant’s counsel advised this Court that he found the appeal “wholly frivolous.”[2] However, counsel’s assertion that the appeal is “wholly frivolous” does not discharge his duty to specify in the brief “what transpired” and “the court’s ruling” and to “present such argument as can reasonably be made in support of the defendant’s position on each designated act, with appropriate citation to the record and pertinent authority, if there is any.” Smith v. State, 496 So.2d 971, 974 (Fla. 1st DCA 1986) (emphasis added).
The initial Anders brief in this case does not demonstrate compliance with appellate counsel’s duty to “master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal.” McCoy v. Court of Appeals of Wis., 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); In re Anders Briefs, 581 So.2d 149, 151 (Fla.1991). Nor does the brief meet counsel’s obligation to provide this Court with “ready references not only to the record, but also to the legal authorities ” governing the proceedings in this case. Anders, 386 U.S. at 745, 87 S.Ct. 1396 (emphasis added); see also Smith, 496 So.2d at 974 (“citation to the record and pertinent authority”); Forrester v. State, 542 So.2d 1358, 1360 (Fla. 1st DCA 1989) approved in part and quashed in part on other grounds, sub nom., In re Order of First Dist. Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla.1990) (one-sentence brief referring to two cases failed to meet Anders’ requirement; “Unless the Anders brief is sufficiently detailed, which includes any possible authority ... or, if no authority does in fact provide such support, an explanation of why cited authority is not controlling or persuasive — an appellate court is often unable to determine whether the appeal is so frivolous that counsel should be permitted to withdraw.” (emphasis added)).
Here, the single-page Statement of the Case and of the Facts summarizes a record of over 260 pages. It mentions the charges, Appellant’s self-representation, the plea, the HFO sentence, and Appellant’s motion to withdraw his plea. However, there is no citation to the rules of procedure and other applicable legal authorities setting the standards for the discharge of appointed counsel, appointment of stand-by counsel, Appellant’s acceptance and reliance on counsel, the jury trial proceedings prior to entry of his plea, the plea hearing, or the basis and effect of the motion to withdraw his plea. Appellant’s premature notice of appeal is ignored. The only legal authority referred to in this section of the brief is rule 9.140(b)(2)(A).
Likewise, the Argument portion of the brief contains additional citations to the record but is devoid of any citation to cases, statutes, and rules governing the proceedings save a single reference to rule 9.140(b)(2)(A). Unlike an appeal of a rep *887 resented pre-trial plea — where the typical record consists of a few documents and the transcript of the plea hearing — the record in this case includes pre-trial proceedings for Appellant’s representation, trial proceedings, Appellant’s mid-trial decision to enter a plea, and a post-sentencing motion to withdraw plea. Under these circumstances, the Anders brief was inadequate to alert this Court “to points of possible merit upon which [the court] can focus its independent review of the record.” In re Forrester, 556 So.2d 1114, 1117 (Fla.1990). The absence of citation to legal authority provides no indication that Appellant’s conclusion that his case was “wholly frivolous” was based on any comparison of the trial level events in the record to the applicable procedural and legal requirements for each stage of the proceedings. The brief did no more than present this Court with “only the cold record which it must review without the help of an advocate.” Anders, 386 U.S. at 745, 87 S.Ct. 1396.
As explained by the Florida Supreme Court in In re Forrester, if the reviewing court is not satisfied that the requirements for an Anders brief have been met, the court has the inherent authority to require supplemental briefs on any issue where confusion or doubt remains. An order for supplemental briefing furthers the appellant’s right to a direct appeal with the assistance of counsel. In State v. Causey, 503 So.2d 321, 322 (Fla.1987), the Florida Supreme Court discussed the appellate court’s duty to independently review the record after appointed counsel files an Anders brief, “to the extent necessary to discover any errors apparent on the face of the record.” The court held: “While courts should hot assume the role of appellate counsel, reversible error should not be ignored simply because an indigent appellant or a public defender failed to point it out.” Causey, 503 So.2d at 322-23. In Causey, based on its independent review of the record after the filing of an Anders brief by appointed counsel, this Court reversed the conviction “without allowing either party to brief the issue.” Id. at 323. The Florida Supreme Court reversed and remanded, holding that in order to provide the appellant with the effective assistance of counsel to which he was entitled, “the district court should request that briefs be submitted on the issues raised by the court before the court renders its opinion.” Id.
Unlike Causey, where our independent review uncovered possible reversible error, our independent review of this record did not reveal any meritorious point which might support reversal of the conviction and sentence. Accordingly, although we disagree with counsel and find that this appeal is not “wholly frivolous,” as might be the case where this Court’s jurisdiction was not properly invoked or where the appeal is procedurally barred, we decline to order supplemental briefing prior to affirming. There is no confusion or doubt on the face of the record, nor do we need further illumination or discussion of the applicable law which might be provided by supplemental briefing. See In re Forrester, 556 So.2d at 1117 (“If not satisfied that these requirements have been met, or if it needs further illumination or discussion of applicable law, a reviewing court may require supplemental briefs.”).
The record shows that Appellant sought to discharge his public defender before trial and represent himself based on general complaints about defense counsel’s trial strategy, particularly counsel’s refusal to file a motion to dismiss the charges as Appellant requested but that counsel deemed meritless. Appellant specifically declined the appointment of new counsel and requested discharge of counsel so that he could represent himself. He never as *888 serted that counsel was incompetent or ineffective to represent him. Accordingly, no hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), was warranted. LeGrand v. State, 31 So.3d 924, 926 (Fla. 1st DCA 2010).
The transcript of the pre-trial Faretta[3] hearing demonstrates proper exercise of the trial court’s discretion to allow Appellant to represent himself. McCray v. State, 71 So.3d 848, 864 (Fla.2011) (“The standard of review for a trial court’s handling of a request for self-representation is abuse of discretion.”); see also Sparaga v. State, 111 So.3d 260, 263 (Fla. 1st DCA 2013). The trial court’s inquiry to determine if the defendant knowingly and intelligently waived his right to counsel and was aware of the dangers and disadvantages of self-representation was clearly compliant with the requirements of Faret-ta, as codified in rule 3.111(d), Florida Rules of Criminal Procedure.
After the Faretta hearing, throughout the preparation for trial, commencement of trial, and entry of his plea, Appellant represented himself but accepted standby counsel appointed by the court. Standby counsel attended each court proceeding with Appellant. Upon the State’s resting its case, Appellant indicated to the court that he wished to enter a plea. Outside the presence of the jury, and after consulting with standby counsel, Appellant ultimately decided to enter a plea of nolo contendere and stated that he reserved his right to appeal. However, Appellant did not specify any particular ruling or trial event for which he wished to reserve this right.
 The trial court did not reiterate an offer of appointed counsel to Appellant immediately prior to the mid-trial entry of his plea. Rule 3.111(d)(5), Florida Rules of Criminal Procedure, requires that the court “renew” the offer of counsel “at each subsequent stage of the proceedings at which the defendant appears without counsel.” The entry of a plea is a critical stage of the proceedings at which point the offer for appointed counsel must ordinarily be renewed. Henretty v. State, 1D13-0504, 146 So.3d 55, 2014 WL 211491. However, the general rule requiring renewal of the offer of counsel does not apply in this case because standby counsel was appointed by the court, was accepted by Appellant, and was available for consultation at each stage of the proceedings. Knight v. State, 770 So.2d 663 (Fla.2000).
The transcript of the trial and the subsequent sentencing hearing shows that standby counsel was present and that Appellant repeatedly availed himself of the court’s invitations to consult with standby counsel. The court offered both Appellant and standby counsel the opportunity to present argument at all appropriate stages of the proceedings. In Knight, the Florida Supreme Court held that the presence of standby counsel, particularly where the defendant willingly accepted standby counsel and consistently relied upon him or her, “is a constant reminder to a self-representing defendant of his right to court-appointed counsel at any stage of the proceeding.” Knight, 770 So.2d at 670. The court ruled that a trial court’s failure to renew the offer of appointed counsel in that situation is not a ground for reversal. The court noted: “A defendant’s right to have court-appointed counsel discharged and right to represent himself becomes meaningless and a source of gamesmanship if the trial court has to offer counsel to the defendant each time he appears in court.” Id. at 670 n. 6; see also Brown v. State, 113 So.3d 134, 142 (Fla. 1st DCA 2013). Under these circumstances, the trial court’s failure to *889 renew the offer of counsel as required by rule 3.111(d)(5) was not error. See McCarthy v. State, 731 So.2d 778 (Fla. 4th DCA 1999).
Appellant’s entry of his nolo con-tendere plea comported with all the requirements of rule 3.172. The trial court considered the State’s factual basis, particularly the testimony of the State’s witnesses. The court informed Appellant of the rights he was waiving and inquired about Appellant’s mental status and understanding of his rights. The transcript of the plea colloquy in the record confirms the trial court’s compliance with rule 3.172, including the defendant’s acknowledgement that he believed the plea to be in his best interest. Appellant stated to the court under oath that he was not promised anything, including any particular sentence, in exchange for the plea. He affirmatively represented to the court that he asked standby counsel if he could get drug treatment and she “informed me the only way I’d be able to get some type of treatment is that I would have to go through you, sir.” The court accepted Appellant’s plea, the jury was discharged, and the trial proceedings concluded.
The sentencing hearing took place a few weeks after the trial and entry of the plea. Appellant again represented himself, with standby counsel in attendance. As previously noted, rule 3.111(d)(5) requires that the court “renew” the offer of counsel “at each subsequent stage of the proceedings at which the defendant appears without counsel.” Sentencing is a critical stage of the proceeding, and ordinarily the trial court’s failure to renew the offer of counsel before sentencing is reversible error. Monte v. State, 51 So.3d 1196 (Fla. 4th DCA 2011). However, as was the case for the plea hearing, the trial court’s failure to reiterate an offer of appointed counsel to Appellant at the beginning of the sentencing hearing does not require reversal of the judgment and sentence due to the presence of standby counsel and Appellant’s frequent consultation with her during the proceedings. Knight, 770 So.2d at 670; Brown, 113 So.3d at 142.
Appellant stipulated to his prior convictions as presented by the State and the court found that he qualified as an HFO. § 775.084, Fla. Stat. The State and Appellant each presented argument regarding sentencing. The court adjudicated Appellant guilty of the charges and imposed a ten-year HFO sentence.
Later on the day of sentencing, Appellant filed his Motion to Withdraw Plea after Sentencing, pursuant to rule 3.170(i), Florida Rules of Criminal Procedure. He alleged that his plea was invalid because standby counsel had promised him he would receive drug treatment if he entered his plea, but his sentence did not contain any such condition. Essentially, Appellant alleged that standby counsel’s misrepresentation rendered his plea involuntary. The court denied the motion without a hearing.
The trial court correctly denied Appellant’s motion to withdraw his plea under rule 3.170(i). Appellant’s assertion that his plea was involuntary due to standby counsel’s misrepresentation could be cognizable on appeal under rule 9.140(b)(2)(A)(ii)c. However, Appellant was representing himself and was not represented by standby counsel. More importantly, Appellant’s allegation of fact— that standby counsel promised him drug treatment if he entered his plea—is directly contradicted in the transcript of Appellant’s own statement to the court, under oath, at the plea hearing. The trial court’s denial of the motion to withdraw plea was thus free from error.
Regarding the grounds for counsel’s finding his case to be “wholly frivolous” as stated in the Anders brief, Appellant’s motion to withdraw plea pertained to *890 the voluntariness of the plea. Thus, this appeal was not procedurally barred by the entry of the nolo contendere plea. Rule 9.140(b)(2)(A)(ii)c. allows defendants to appeal from pleas of nolo contendere on grounds that the plea is “an involuntary plea, if preserved by a motion to withdraw plea.” The motion’s lack of merit and Appellant’s failure to prevail on his motion does not result in a procedural bar of this appeal but merely an unfavorable ruling on the motion and lack of reversible error in the denial.
Considering counsel’s assertion that this Court lacked jurisdiction to consider the appeal, we find that Appellant sufficiently invoked this Court’s appellate jurisdiction. Fla. R. App. P. 9.110(i). Appellant filed a notice of appeal a few days prior to the rendition of the judgment and sentence, but the appeal was not dismissed as premature. The final judgment and sentence were then rendered and thereafter, appellate counsel filed an amended notice of appeal correctly identifying the nature of the final judgment to be reviewed. Under these circumstances and rule 9.110(i), the premature notice of appeal effectively vested jurisdiction in this Court to review the final order.
We refrain from establishing practice requirements for Anders briefs in detail not already described by the United States Supreme Court and the Florida Supreme Court. However, it is clear from Anders that a “no-merit letter” (or brief which barely exceeds such statement), in which counsel merely states a bare conclusion that in counsel’s opinion, “there is no merit to the appeal,” is insufficient to meet counsel’s responsibility. Anders, 886 U.S. at 742, 87 S.Ct. 1396. “[T]he Anders brief is designed to assure the court that the indigent defendant’s constitutional rights have not been violated.” McCoy, 486 U.S. at 442, 108 S.Ct. 1895. Thus, in addition to citations to the record, Anders contemplated that the brief would include “ready references ... to the legal authoiities” applicable to the case. Anders, 386 U.S at 745, 87 S.Ct. 1396; see also Smith, 496 So.2d at 974 (“with appropriate citations to the record and pertinent authority”); For-rester, 542 So.2d at 1360 (“which includes any possible authority ... or, if no authority does in fact provide such support, an explanation of why cited authority is not controlling or persuasive”).
In this case, the brief does not mention the sufficiency of the proceedings under the applicable law pertaining to: Appellant’s self-representation; the court’s failure to renew the offer of counsel at the various stages of trial; the effect of standby counsel’s presence; the propriety of the plea proceedings; the propriety of the trial court’s denial of the motion to withdraw the plea; and whether the motion preserved any issue for appeal. While the brief did contain references to the record, the brief was insufficient to meet the requirements of Anders and the Florida Supreme Court’s opinion in In re Forrester because it contained no reference to governing legal authorities pertinent to the record material and no indication that counsel compared the proceedings in the record to those legal requirements. The string citation to Anders, Forrester, and Causey in the final paragraph of the Conclusion section of the brief did not cure this deficiency.
This court’s independent review of the record and applicable law revealed no reversible error in the circuit court’s proceedings. Accordingly, the conviction and sentence are AFFIRMED.
WOLF, J., concurs in result, and VAN NORTWICK, J., concurs.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Counsel properly refrained from filing a motion to withdraw at the outset. Payne v. State, 589 So.2d 1037 (Fla. 1st DCA 1991). In Payne, this Court established a general policy disapproving the filing of a motion to withdraw together with the initial brief because "[t]o allow counsel to withdraw would require the court to reappoint the attorney to represent appellant if supplemental briefing is required. Such a procedure would result in an unnecessary additional delay.” Payne, 589 So.2d at 1038. Accordingly, counsel’s forbearance was consistent with Payne and State v. Causey, 503 So.2d 321 (Fla.1987) (indigent appellants have constitutional right to assistance of counsel, including supplemental briefing upon court’s order).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).