MARSTILLER, J.
David Morris Howard was convicted by a jury of carjacking and sentenced to 43 years in prison. He represented himself at trial and during sentencing. On appeal, Howard does not challenge the conviction, but seeks reversal of the sentence and a new hearing on his motion for new trial, arguing that the trial court failed to conduct a Faretta[1] inquiry at the outset of the sentencing phase of the proceedings, during which the court also considered and denied the new trial motion. Because a hearing on a new trial motion and sentencing are critical stages in a criminal proceeding, the trial court was required to renew the offer of counsel and perform another Faretta inquiry before letting Howard continue representing himself. Failure to do so is per se reversible error.
Howard initially moved to represent himself on October 2, 2012, several months before trial. At the hearing on his motion, the trial court conducted a full Faretta inquiry. Among other things, the court advised Howard he was facing a prison sentence of 30 years mandatory minimum, if found to be a prison releasee reoffender (“PRR”),[2] to life in prison, if deemed a habitual felony offender (“HFO”).[3] The court found Howard had knowingly, intelligently and voluntarily waived his right to counsel. The court also appointed standby counsel after Howard said he would have no objection to the court’s doing so.
On February 11, 2013, prior to jury selection in the criminal trial, Howard indicated he wanted to continue representing himself. The trial court conducted another full Faretta inquiry, again advising *1042 Howard of the dangers of self-representation and the 30 years-to-life sentencing range, and found, as before, knowing and intelligent waiver of counsel. Howard thereafter proceeded pro se, with the assistance of standby counsel. The jury rendered its verdict against Howard on February 13, 2013.
Howard filed a timely pro se motion for new trial based on asserted “partiality” shown by the trial judge throughout the proceedings. On February 21, 2013, the trial court held a hearing to conduct “Phase I” of sentencing. Standby counsel attended. The trial court considered and orally denied Howard’s motion for new trial, then set a second hearing when Howard requested a pre-sentence investigation, which he previously had waived, and because the State did not have the necessary evidence to establish a foundation for PRR sentencing. Before concluding the hearing, the trial court asked:
THE COURT: By the way, Mr. Howard, I did mean to ask this: Do you still want to represent yourself, sir, or do you want—
THE DEFENDANT: I wanted to talk to my standby counsel.
THE COURT: All right.... [I]f you want to turn it back over to your standby counselor, all you have to do is tell them that, and the next time we come back, they can represent you for the rest of resentencing.
Howard deferred his answer to the next hearing, which took place approximately one month later, on March 26, 2013.
At the outset of the subsequent hearing, the trial court offered to “turn this over to Mr. Murphy to conclude your sentencing.” Howard declined the offer, stating “I want to continue to represent myself, sir.” The hearing then proceeded with standby counsel present, and the State presented evidence of Howard’s most recent prison release date to support PRR sentencing. At Howard’s request, the trial court postponed final sentencing to give him time to secure witnesses to speak on his behalf. The court admonished him to ensure the witnesses’ availability the week of April 8.
In the interim, the trial court held a proceeding on April 4, 2013, for the State to provide conclusive evidence identifying Howard as the subject of the previously-entered conviction and prison release records. As before, at the beginning of the proceeding, the trial court asked Howard whether he still wanted to continue representing himself, or be represented by the Public Defender. Howard again declined the offer of appointed counsel. Standby counsel was present throughout the hearing.
On April 11, 2013, the trial court convened what was supposed to be the final sentencing hearing. However, when Howard advised the court his witnesses were not present, the court passed sentencing to the following day.
The court opened the hearing on April 12, 2013, by asking Howard if he wanted to continue representing himself and, upon Howard’s affirmative answer, the court conducted a Faretta inquiry, expressly acknowledging the critical stage of the proceedings. The court found that Howard “again, passed the Faretta inquiry,” appointed the Public Defender for purposes of appeal, and, with standby counsel present, considered and denied Howard’s “supplementary” motion for new trial filed on April 4, 2013, and took testimony from Howard’s step-mother about his character. Ultimately, the trial court adjudicated Howard a HFO, found that he qualified as a PRR, and sentenced him to a prison term of 43 years, with a 30-year PRR mandatory minimum.
Howard argues on appeal that the trial court committed per se reversible error when, before proceeding with sen *1043 tencing, it failed to conduct a second Far-etta inquiry and failed to offer to reappoint counsel. “Under Faretta and [Florida Supreme Court] precedent, once an unequivocal request for self-representation is made, the trial court is obligated to hold a hearing, to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.” Tennis v. State, 997 So.2d 375, 378 (Fla.2008). The failure to conduct such an inquiry is per se reversible error. Id. at 379. Further, “[o]nce a defendant waives the right to counsel in a criminal case, the court must renew the offer of counsel at each subsequent critical stage of the proceedings, one of which is sentencing.” Serrano v. State, 113 So.3d 895, 896 (Fla. 2d DCA 2012); see also Fla. R. Grim. P. 3.111(d)(5). The hearing on a defendant’s motion for new trial is also a critical stage. See Harper v. State, 201 So.2d 65, 66 (Fla.1967); Miller v. State, 8 So.3d 451, 453 (Fla. 1st DCA 2009). Failure to renew the offer of counsel at a critical stage and conduct a Faretta inquiry if the defendant rejects the renewed offer is per se reversible error. See Cuyler v. State, 131 So.3d 827, 828 (Fla. 1st DCA 2014); Travis v. State, 969 So.2d 532, 533 (Fla. 1st DCA 2007); Wilson v. State, 947 So.2d 1225, 1226-27 (Fla. 1st DCA 2007).
Here, although the trial court repeatedly renewed the offer of counsel at the hearings leading up to final sentencing, it did not do a Faretta inquiry until just prior to imposing sentence. The “Phase I” hearings were part of the sentencing process, and thus, constituted a critical stage. See Traylor v. State, 596 So.2d 957, 968 (Fla.1992) (holding that a critical stage is “any stage that may significantly affect the outcome of the proceedings”). Moreover, the court considered and ruled on Howard’s pro se motion for new trial — also a critical stage — at the first sentencing hearing. It therefore was incumbent on the court, at that hearing, to ensure Howard was knowingly, intelligently and voluntarily rejecting the renewed offer of counsel. The eleventh-hour inquiry nearly two months after the sentencing phase began came, in our view, too late to cure the earlier omission. Even if it could be argued that the trial court was sufficiently familiar with Howard to determine, without a formal inquiry, that he understood the dangers and consequences of representing himself at sentencing, “Faretta and [rule 3.111] require that the trial court make a sufficient record indicating ‘how the defendant’s background, including his age, mental status, and education, affects his competency to waive his right to counsel.’ ” McGee v. State, 983 So.2d 1212, 1215 (Fla. 5th DCA 2008) (quoting Flowers v. State, 976 So.2d 665, 666 (Fla. 1st DCA 2008)). The court put no such findings on the record.’
The circumstances in this case are decidedly different from those in Neal v. State, 142 So.3d 883 (Fla. 1st DCA 2014), on which the dissent relies. In Neal, which came to this Court as an Anders[4] appeal, we found no error by the trial court in failing to renew the offer of counsel before the defendant entered his plea where (1) the court had conducted a pretrial Faretta hearing, (2) the defendant accepted standby counsel for trial, and (3) the defendant entered a nolo contendere plea mid-trial after consulting with standby counsel. Neal, 142 So.3d at 888. Furthermore, there is no indication in Neal that at sentencing, the court took up any other matters, e.g., a motion for new trial, as in this case, or that the sentencing phase took several months and multiple hearings to complete, as in this case. Rather, the defendant in Neal simply stipulated to the prior convictions qualifying *1044 him for HFO status and presented argument to the court regarding sentencing. Id. at 889.
In reaching our conclusion in Neal, we relied on Knight v. State, 770 So.2d 663 (Fla.2000), whose facts also are markedly different from those in the instant case. The defendant in Knight complained that the trial court failed to renew the offer of court-appointed counsel at the beginning of the trial, after the defendant had represented himself pre-trial. The supreme court rejected the claim of error first because the defendant’s pre-trial waiver of counsel was for the guilt phase, and the trial did not constitute a subsequent stage of the proceeding. 770 So.2d at 670-71. Secondarily, the supreme court observed that the defendant had and relied on standby counsel throughout the guilt phase, including pre-trial proceedings. Id. at 671.
Neither Neal nor Knight dictates a similar result here. And to be sure, neither should be read to hold that a renewed offer of counsel is not necessary so long as a defendant has, and frequently consults with, standby counsel throughout the various critical stages in a criminal proceeding. Under the circumstances in this case, the trial court was obliged to timely perform a Faretta inquiry or otherwise determine on the record that Howard’s post-trial-phase waiver of counsel was knowing, intelligent and voluntary. Because the inquiry was not performed, we must reverse the sentence imposed and remand for a new sentencing hearing. We further vacate the order denying the motion for new trial and remand for a new hearing on that, as well.
REVERSED and REMANDED.
VAN NORTWICK, J., concurs; WOLF, J. dissents with opinion.

.Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding a defendant has a constitutional right to self-representation, but the trial court must first conduct an inquiry to determine if the waiver of counsel is made knowingly and intelligently).

. See § 775.082(9)(a)3.b„ Fla. Stat. (2011).

. See § 775.084(4)(a)l„ Fla. Stat. (2011).

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).