WOLF, J.,
dissenting.
The issue before the court is whether a defendant who has been subject to a number of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), inquiries, including one during sentencing, is asked numerous times whether he is sure that he wants to continue to represent himself, and is appointed standby counsel that he has numerous opportunities to converse with concerning representation, is entitled to reversal based on the trial court’s failure to conduct an additional Faretta inquiry at the beginning of sentencing.
I would determine that he is not and would affirm based on Neal v. State, 142 So.3d 883 (Fla. 1st DCA 2014).
In the instant case, the trial court conducted three separate full Faretta inquiries, two of which occurred prior to sentencing and one which occurred during the sentencing process. The first inquiry extensively went through each stage of the criminal proceedings. The inquiry included the following:
The Court: Do you understand that if you are convicted that a lawyer’s assistance may — now do you understand that once the trial is over, if you are convicted, a lawyer’s assistance may be useful in preparing for sentencing, sir? Appellant: Yes, sir.
The Court: Do you understand that a lawyer’s assistance may be useful in ensuring that favorable facts are brought out, are brought to the attention of the court for you[r] sentencing, sir? Appellant: Yes, sir.
The Court: Do you understand that a lawyer’s assistance may ensure that the Court is advised of all legally favorable dispositions and ensuring that the sentence is lawfully imposed, sir?
Appellant: Yes, sir.
The court’s inquiry specifically included questions concerning the knowing and intelligent waiver of counsel. The court *1045 asked him numerous times throughout the proceedings whether he wished to continue to represent himself, including at all critical stages. The court, -without objection, appointed standby counsel who was present throughout the entire proceedings. The record reflects consultations and opportunities for consultation between the defendant and standby counsel, including when the court asked at the initial sentencing whether he wished to continue to represent himself.
At the initial sentencing phase, where no Faretta inquiry was conducted, essentially all that transpired was the admission of appellant’s prior convictions and release date as well as the ordering of a PSI.
The sentencing was then continued at least two times at the defendant’s request. At the proceeding where the defendant had an opportunity to present evidence and at which the sentence was pronounced, another Faretta inquiry was performed. Defendant was again given the opportunity to consult with standby counsel.
Under these circumstances, reversal would do little to preserve the constitutional rights of an accused. Appellant was fully informed, and the trial court adequately assured that a knowing waiver had occurred.
In Neal, we stated,
[T]he trial court’s failure to reiterate an offer of appointed counsel to Appellant at the beginning of the sentencing hearing does not require reversal of the judgment and sentence due to the presence of standby counsel and Appellant’s frequent consultation with her during the proceedings. Knight [v. State], 770 So.2d [663, 670 (Fla.2000)]; Brown [v. State], 113 So.3d [134,142 (Fla. 1st DCA 2013) ].
Neal, 142 So.3d at 889 (emphasis added).
While the majority correctly asserts the circumstances in Neal are somewhat different, the overriding principle is that the failure to follow the strict dictates concerning repeated, Faretta inquiries will not necessarily require reversal where the defendant has ample opportunity to confer with standby counsel and has had several extensive Faretta inquiries conducted.[5]
This case should be affirmed.

. I would reach a similar conclusion regarding the motion for new trial.