# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-0957
_____

RICARDO BRYAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

August 7, 2024


ROWE, J.

Ricardo Bryan appeals his convictions and sentences for four counts of battery on a correctional officer and one count of depriving a correctional officer of her means of protection or communication. He argues that the trial court erred when it (1) denied his motion for judgment of acquittal, (2) failed to conduct a competency hearing and enter a written order on competency, (3) failed to renew the offer of counsel before ruling on his motion for new trial, (4) imposed consecutive, enhanced habitual felony offender sentences, (5) imposed the costs of prosecution when the State did not request them, and (6) denied his motion to correct sentencing error. We reverse on the third and fourth issues. As for the remaining issues, we find no error in the trial court's rulings.

*Facts*

On February 12, 2020, during a pre-trial hearing, Bryan moved to discharge his court-appointed counsel. The trial court conducted a full *Faretta*[1] inquiry and allowed Bryan to represent himself. The court renewed the offer to appoint counsel at the next motion hearing, but Bryan affirmed his decision to continue to represent himself.

Bryan later accepted court-appointed counsel. But soon after, he filed a motion alleging that his counsel was rendering ineffective assistance. The court addressed Bryan's motion before jury selection began. The court determined that Bryan's counsel was rendering effective assistance. The court then conducted another *Faretta* hearing and found that Bryan was competent to represent himself. Bryan then requested standby counsel. But the trial court denied the request. Bryan proceeded pro se at jury selection. Trial began that same day.

At the time of the offense, Bryan was serving a thirty-year sentence for four counts of aggravated assault on a law enforcement officer, aggravated fleeing and eluding, leaving the scene of an accident with injuries, and stalking. At trial, the State established that on the day of the offense Bryan argued with Officer S.B. while the officer was searching Bryan's prison cell. Officer L.H. ordered Bryan to move into a hallway and submit to wrist restraints; Bryan refused. Officer L.H. then sprayed Bryan with pepper spray. Bryan responded by lunging at Officer L.H., picking her up off her feet, slamming her to the ground, and repeatedly striking her in the face with a closed fist. During the altercation, Officer L.H. lost her pepper spray. Bryan took the pepper spray and used it on Officers S.B. and L.H. He then chased two other officers and sprayed them, too.

---

[1] *Faretta v. United States*, 422 U.S. 806, 819 (1975) (holding that a criminal defendant has the right to represent himself, but the trial court has an obligation to ensure that the defendant's waiver of court-appointed counsel is knowing, voluntary, and intelligent).

After the State rested, during the charge conference, the court again renewed its offer to appoint counsel. Bryan declined the offer and continued pro se. The jury found Bryan guilty as charged.

Bryan then moved[2] for a new trial, alleging twelve errors. At the sentencing hearing, the court heard argument on the motion and denied it. The court then renewed the offer of counsel before sentencing. Bryan declined the offer. The court found that Bryan qualified as a habitual felony offender (HFO) and sentenced him to consecutive prison terms totaling thirty-one years. This appeal follows.

*Renewal of Offer of Counsel*

We first address Bryan's argument that the trial court reversibly erred when it failed to renew the offer of counsel before hearing his motion for new trial. *See Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015).

After a trial court finds that a defendant has knowingly and voluntarily waived his right to counsel, "the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel." Fla. R. Crim. P. 3.111(d)(5). A trial court need not renew the offer of counsel every time a defendant appears in court. *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992). But it must renew the offer of counsel at every "crucial stage," which includes "any stage that may significantly affect the outcome of the proceedings." *Id.* A hearing on a motion for new trial is a crucial stage. *See Howard v. State*, 147 So. 3d 1040, 1043 (Fla. 1st DCA 2014) (overruled in part on other grounds); *Miller v. State*, 8 So. 3d 451, 453 (Fla. 1st DCA 2009); *see also Harper v. State*, 201 So. 2d 65, 67 (Fla. 1967) ("The

---

[2] Bryan's post-trial motion was styled as a "Motion for Judgment of Acquittal Motion for Arrest of Judgment." The contents of the motion show that Bryan sought a new trial. *See* Fla. R. Crim. P. 3.600; *Wells Fargo Bank, N.A. v. Smith as Tr. of Roy F. Smith, Jr. Tr.*, 263 So. 3d 134, 136 (Fla. 1st DCA 2018) ("It is well-settled Florida law that a pleading will be construed according to its substance rather than its form.").

3

defendant's motion for a new trial represents a valuable right . . . and a hearing on this motion is a critical stage of the proceedings, at which an indigent defendant has the right to appointed counsel.").

Here, although the trial court renewed the offer of counsel many times throughout the proceedings, it did not renew the offer at the start of the sentencing hearing when it heard argument on the motion for new trial. The trial court had last renewed the offer of counsel at the charge conference, one month before the hearing on the new trial motion. The trial court erred by not renewing the offer of counsel before hearing the motion for new trial. *Cf. Howard*, 147 So. 3d at 1043 (holding that the trial court reversibly erred in conducting three critical hearings over two months without renewing the offer of counsel). On this record, we cannot conclude that the error was harmless. The court did renew the offer of counsel moments after its ruling on the new trial motion and Bryan declined that offer. Even so, this court cannot assume that Bryan would have decided to proceed pro se had the trial court renewed the offer of counsel before hearing argument on the motion for new trial. *See Barrett v. State*, 356 So. 3d 254, 255 (Fla. 4th DCA 2023). Bryan is thus entitled to a new hearing on the motion for new trial. *Howard*, 147 So. 3d at 1044 (reversing the sentencing order and remanding for a new sentencing hearing, and vacating the order denying the motion for new trial and remanding for a new hearing on that motion).

*Consecutive HFO Sentences*

Bryan also argues that the trial court erred when it imposed consecutive, enhanced HFO sentences. In his motion to correct sentencing error, Bryan argued that his consecutive HFO sentences were illegal because they were based on offenses that occurred during a single criminal episode and were enhanced. Our review is de novo. *Hill v. State*, 291 So. 3d 1012, 1013 (Fla. 1st DCA 2020).

When multiple sentences for offenses committed during a single criminal episode have been enhanced under the HFO statute, the total penalty cannot be further increased by imposing consecutive sentences, absent specific legislative authority. *Hale v.*

*State*, 630 So. 2d 521, 525 (Fla. 1993). Bryan's four convictions for battery (counts one, three, four, and five) were reclassified from first-degree misdemeanors to third-degree felonies because the victims were correctional officers. §§ 784.03, 784.07(2)(b), Fla. Stat. (2017); *see also Ramroop v. State*, 214 So. 3d 657, 663 (Fla. 2017) (explaining that section 784.07 is a reclassification statute, not an enhancement statute).

Typically, the statutory maximum sentence for a third-degree felony is five years in prison. § 775.082(3)(e), Fla. Stat. (2017). This maximum may be enhanced to ten years if a defendant qualifies for HFO sentencing. § 775.084(4)(a)3., Fla. Stat. (2017). The trial court imposed enhanced ten-year sentences on counts one and three. It imposed only the statutory maximum five-year sentences on counts four and five. But the trial court erred when it ordered the two ten-year enhanced sentences on counts one and three to be served consecutively. *State v. Hill*, 660 So. 2d 1384, 1386 (Fla. 1995) (holding that until the legislature modifies the HFO statute, "a trial court is without authority to enhance sentences from multiple crimes committed during a single criminal episode by both sentencing a defendant as a habitual offender and ordering that the sentences be served consecutively"). Thus, the trial court erred when it denied Bryan's motion to correct a sentencing error.

*Conclusion*

We REVERSE the sentencing order, VACATE the order denying the motion for new trial, and REMAND for a new hearing on the motion for new trial and a new sentencing hearing.

LEWIS and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

5

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.